PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL CLARK, | ) | |
| | ) | CASE NO.  4:14CV2014 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| SELENE FINANCE, LP, *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 8, 13, 21, |
| Defendants. | ) | 22, and 24] |


**I.**

This action is before the Court upon Defendant Selene Finance LP's Motion to Dismiss

Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 8) and

Defendant Christiana Trust's Motion to Dismiss (ECF No. 21).

For the reasons set forth in Section VII below, Defendants' motions to dismiss are denied

as moot.

**II.**

This action is also before the Court upon Plaintiff Daniel Clark's Motion for Leave to

Amend Complaint (ECF No. 13).  Plaintiff attached the proposed Amended Complaint (ECF No.

13-1) to his motion.  The Court has reviewed the memorandum in support and has read the file.

For the reasons set forth in Section VI below, Plaintiff's motion is granted without

opposition.

(4:14CV2014)

## III.

In addition, this action is before the Court upon Plaintiff's Motion to Remand (ECF No. 22). The Court has reviewed the memorandum in support and Defendant M&M Mortgage Services, Inc.'s Response (ECF No. 23), and has read the file. Defendant M&M Mortgage Services, Inc. attached a proposed Order (ECF No. 23-1) to its Response.[1]

For the reasons set forth in Section VIII below, Plaintiff's motion is granted.

## IV.

Finally, this action is before the Court upon Defendant M&M Mortgage Services, Inc.'s Motion for Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) (ECF No. 24). The Court has reviewed the memorandum in support, Plaintiff's memorandum in opposition (ECF No. 25), and reply memorandum (ECF No. 26), and has read the file.

For the reasons set forth in Section IX below, an award of costs and fees is not warranted in this matter. Therefore, Plaintiff's motion is denied.

---

[1] The proposed Order (ECF No. 23-1) provides for granting Plaintiff's Motions for Leave to Amend Complaint (ECF No. 13) and to Remand (ECF No. 22), and remanding the case to state court with the following finding:

> In order to preserve the defendants' right to litigate matters within this Court's subject-matter jurisdiction in this Court, the Court finds that the plaintiff's representations and judicial admissions, as set forth in the plaintiff's motion and amended complaint, bars the plaintiff from seeking more than [$71,500], exclusive of interest and costs, after remand to the state court.

ECF No. 23-1.

2

(4:14CV2014)

**V.**

The Complaint (ECF No. 1-1 at PageID #: 8-12) in the above-entitled action, asserting two claims that sound in tort under Ohio common law, was filed in the Mahoning County, Ohio Court of Common Pleas, being Case No. 2014 CV 01874, on July 30, 2014.  The claims stem from the securing of Plaintiff's property after he defaulted on his mortgage obligations.[2]  Plaintiff alleges that Defendant M&M Mortgage Services, Inc. was hired to provide mortgage field services by the mortgagee or servicer.  Defendant M&M Mortgage Services, Inc., at the behest of Defendant Selene Finance, LP and/or Defendant Christiana Trust, allegedly trespassed upon Plaintiff's real property and converted his personal property, including his tools of trade.  ECF No. 25 at PageID #: 100-101 and 103.  Count One for trespass sought compensatory and consequential damages in excess of $25,000 and punitive damages for an unspecified amount to be determined at trial.  ECF No. 1-1 at PageID #: 10.  Count Two for conversion also sought compensatory and consequential damages in excess of $25,000 and punitive damages for an unspecified amount to be determined at trial.  ECF No. 1-1 at PageID #: 11.

Defendant M&M Mortgage Services, Inc., with the consent of Defendant Selene Finance, LP, removed this case to this Court on September 10, 2014, on the basis of diversity jurisdiction.  Defendant Christiana Trust was subsequently served, *see* Waiver of the Service of Summons

---

[2]  In May 2012, JPMorgan Chase Bank filed a foreclosure case against Daniel Clark.  *See JPMorgan Chase Bank v. Daniel Clark, et al.*, Case No. 2012 CV 01518 (Mahoning Cty Ct. of Common Pleas filed May 21, 2012).  ECF No. 25 at PageID #: 100.  Mr. Clark is represented by the same attorney in both the foreclosure case and the case at bar.

3

(4:14CV2014)

(ECF No. 18) and also consented to the removal, *see* Response to Court Order Dated October 2, 2014 (ECF No. 19).

## VI.  Leave to Amend Complaint

The seminal Supreme Court case addressing the issue of amount in controversy and diversity jurisdiction is *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).  The Court held that "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the Plaintiff controls." *Id.* at 288.  The Court went on to specify that once a federal district court's jurisdiction has attached to a case removed from state court, a plaintiff cannot deprive the district court of jurisdiction by reducing his claim below the requisite jurisdictional amount "by stipulation, by affidavit, or by amendment of his pleadings." *Id.* at 292.  "Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).  However, if the complaint was ambiguous as to the true amount in controversy at the time of removal, the district court may allow the plaintiff to clarify the factual basis because Plaintiffs' claims never satisfied the jurisdictional requirement from the outset.  *See Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) ("A distinction must be made [ ] between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." ).

4

(4:14CV2014)

Plaintiff seeks to amend the Complaint (ECF No. 1-1 at PageID #: 8-12) to specify the amount of actual damages sought now that they are known.  *See* ECF No. 25 at 101-102. Specifically, Plaintiff seeks to amend his demand on Count One for trespass to $2,000 for compensatory and consequential damages and punitive damages for an amount to be determined at trial, but not to exceed $20,000;and on Count Two for conversion to $4,500 for compensatory and consequential damages and punitive damages for an amount to be determined at trial, but not to exceed $45,000.  ECF No. 13 at PageID #: 54; ECF No. 25 at PageID #: 102.  Together Plaintiff's claims amount to $71,500.

For good cause shown, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 13) is granted without opposition.  Plaintiff's Amended Complaint (ECF No. 13-1) is deemed filed as of today, September 22, 2015.

## VII.  Motions to Dismiss

Defendant Selene Finance LP's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 8) and Defendant Christiana Trust's Motion to Dismiss (ECF No. 21) predate the Amended Complaint (ECF No. 13-1), which supersedes the Complaint (ECF No. 1-1 at PageID #: 8-12) to which the motions are directed.  *See Clark v. Johnston*, 413 Fed.Appx. 804, 811 (6th Cir. 2011) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case")); *see also Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008)

5

(4:14CV2014)

(stating that a prior "complaint is a nullity, because an amended complaint [supersedes] all prior complaints").

Accordingly, Defendant Selene Finance LP's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 8) and Defendant Christina Trust's Motion to Dismiss (ECF No. 21) are denied without prejudice because they are moot due to the filing of the Amended Complaint (ECF No. 13-1).  *See Calvert v. GNC Corp.*, No. 4:13CV1697 (N.D. Ohio Oct. 30, 2013) (Pearson, J.).

## VIII.  Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); 28 U.S.C. § 1332(a).[3]  "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires

---

[3]  Despite the issuance of five (5) Orders, *see* ECF Nos. 7 at PageID #: 37, 9, 11, 14, and 16, Phillip C. Barragate, counsel for Defendant Selene Finance, LP, has still not identified the citizenship of all of the members of Defendant Selene Finance, LP. Defendant M&M Mortgage Services, Inc. states:

> In the case at bar, jurisdiction has not attached, as evidenced by the ongoing proceedings regarding the citizenship issues of Defendant Selene Finance, LP's members.  The plaintiff's original complaint was ambiguous as to the amount in controversy, which he now seeks to clarify with his proposed amended complaint.  The plaintiff's proposed clarification would defeat diversity jurisdiction itself and eliminate the need to go through the citizenship analysis of Selene Finance, LP's owners.

ECF No. 23 at PageID #: 88 n.1.

6

(4:14CV2014)

that the matter in controversy in a diversity case *exceed* a specified amount, currently $75,000."

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (emphasis added).  *See also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252-53 (6th Cir. 2011) (holding that as a matter of apparent first impression, Congress has chosen to withhold jurisdiction from the federal courts over a suit between citizens of two different states unless the amount in controversy is at least one penny more than $75,000).  Thus, the minimum requirement is an amount "in excess of $75,000." *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs. . . .") (emphasis added).

Defendant M&M Mortgage Services, Inc. "does not oppose in principal" Plaintiff's decision to specify the amount of damages sought is less than "the sum or value of $75,000, exclusive of interest and costs."  ECF No. 24 at PageID #: 93.  It explicates that it

> recognizes that the limitation that the plaintiff has imposed upon his own claim for damages likely destroys this Court's subject-matter jurisdiction.  Although the parties remain of completely diverse citizenship, the amount in controversy no longer exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  As such, should the Court permit the plaintiff to amend his complaint to include this limitation, M&M Mortgage Services, Inc. recognizes that remand to the Mahoning County Court of Common Pleas is a necessary consequence of the plaintiff's amendment.

ECF No. 23 at PageID #: 87-88 (footnote omitted).

The amount-in-controversy threshold was not met at the time of removal.  Plaintiff's Motion to Remand (ECF No. 22) is, therefore, granted.  This case will be remanded to the Mahoning County, Ohio Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) upon the

7

(4:14CV2014)

grounds that the matter in controversy does not exceed "the sum or value of $75,000, exclusive of interest and costs."

### IX. Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c)

Defendant M&M Mortgage Services, Inc. requests an award "in excess of $9,500" for the costs incurred in making a federal case out of the matter by removing it from state court.  ECF No. 24 at PageID #: 93; ECF No. 26 at PageID #: 106.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *See Shooter Const. Co., Inc. v. Wells Fargo Ins. Services USA, Inc.*, No. 3:11-cv-181, 2011 WL 6339680, at *3 (S.D. Ohio Nov. 28, 2011) (recommending that the words "incurred as a result of the removal" mean any costs that would not have occurred "but for" the removal), 2011 WL 6370061 (S.D. Ohio Dec. 19, 2011) (adopting report and recommendation of the magistrate judge without objection).  "[A] finding of an improper purpose is not necessary to support an award under [28 U.S.C. § 1447(c)]" upon remand.  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).  Section 1447(c) assigns the district court the discretion whether to award costs and attorney fees.  *See Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 258 (6th Cir. 1997).  "Although awards to defendants will undoubtedly be rare, we find their authorization in the broad language of Congress's amendment to § 1447(c)."  *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 370 (E.D. Pa. 1995).

Throughout its briefing, Defendant M&M Mortgage Services, Inc. makes the bold argument that it was "forced" to take the actions it has taken in the case at bar.  ECF No. 26 at

8

(4:14CV2014)

PageID #: 108 and 109.  When Plaintiff refused to stipulate that his damages would not exceed

"the sum or value of $75,000, exclusive of interest and costs," Defendant M&M Mortgage

Services, Inc. was "forced to remove the case" to federal court.  ECF No. 24 at PageID #: 96.  It

was "forced to incur" costs and expenses, including attorney fees, as a result of the removal.

ECF No. 24 at PageID #: 92, 94, and 96; ECF No. 26 at PageID #: 108 and 110.  All of the costs

and expenses are solely due to being "forced to proceed" in federal court.  ECF No. 26 at PageID

#: 108.

Defendant M&M Mortgage Services, Inc. is mistaken.  It had a choice to leave the case

pending in the Mahoning County, Ohio Court of Common Pleas, a court of general jurisdiction,[4]

or to remove it to the United States District Court for the Northern District of Ohio, a court of

limited jurisdiction.[5]  Defendant M&M Mortgage Services, Inc. chose to remove the case to this

Court before ascertaining the citizenship of all of the members of Defendant Selene Finance, LP.

The Court will not reward Defendant M&M Mortgage Services, Inc. for its own choice to

---

[4]  The Ohio Supreme Court "has long held that the court of common pleas is a
court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at
law and in equity that are not denied to it.'"  *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d
75, 80 (2014) (quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-59 (1891)).  Ohio Rev.
Code § 2305.01 provides that, except as stated in Ohio Rev. Code § 2305.03, "the court
of common pleas has original jurisdiction in all civil cases in which the sum or matter in
dispute exceeds the exclusive original jurisdiction of county courts . . . ."  "[C]ounty
courts have exclusive original jurisdiction in civil actions for the recovery of sums not
exceeding five hundred dollars and original jurisdiction in civil actions for the recovery of
sums not exceeding fifteen thousand dollars."  Ohio Rev. Code § 1907.03.  The case at
bar falls within the monetary jurisdiction of the common pleas court.

[5]  Federal courts are courts of limited jurisdiction and the law "presume[s] that a
cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375, 377 (1994).

9

(4:14CV2014)

remove the case at bar to federal court "to protect its interests" when complete diversity has not been shown to exist between Plaintiff and all Defendants.  ECF No. 24 at PageID #: 92 and 96. Especially when Defendant M&M Mortgage Services, Inc. admits "jurisdiction has not attached."  ECF No. 23 at PageID #: 88 n.1.

### X.  Conclusion

Defendant Selene Finance LP's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 8) is denied as moot.

Plaintiff's Motion for Leave to Amend Complaint (ECF No. 13) is granted.

Defendant Christiana Trust's Motion to Dismiss (ECF No. 21) is denied as moot.

Plaintiff's Motion to Remand (ECF No. 22) is granted.

Defendant M&M Mortgage Services, Inc.'s Motion for Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) (ECF No. 24) is denied.


IT IS SO ORDERED.


 September 23, 2015                         /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge